## STATE OF VERMONT

## ENVIRONMENTAL COURT

|                    |   |                           |
|--------------------|---|---------------------------|
|                    | } |                           |
| **Appeal of Wood** | } | **Docket Nos. 185-10-04 Vtec** |
|                    | } | **174-8-05 Vtec**         |
|                    | } |                           |
|                    | } |                           |

## Decision Order on Pending Motions

Marc and Susan Wood (Appellants) initially appealed from the September 8, 2004 decision of the Town of Hartford (Town) Zoning Board of Adjustment (ZBA), upholding the Town Zoning Administrative Officer's (ZAO) determination that Appellants' application to amend their previously-issued zoning permit and site plan approvals, or alternatively, for a new permit, were incomplete and could not be approved. This initial appeal is the subject of Docket No. 185-10-04 Vtec. In Docket No. 174-8-05 Vtec, Appellants appealed from the July 20, 2005 decision of the ZBA, also upholding a similar determination by the ZAO on Appellants' subsequent applications. Appellants represent themselves; the Town is represented by William F. Ellis, Esq.

## Preliminary Procedural Issues

There are many motions now pending for the Court's consideration. The parties' protracted history of litigation and multiple filings, including motions, memoranda, complaints and accusations, have caused the parties and the Court to already invest a considerable amount of time in these two pending appeals, neither of which has yet gone to trial and both of which represent only the most recent chapters in a multi-chapter course of combative litigation. While the Court is not as familiar as the parties with the facts that have caused such filings to be made, it appears to the Court that neither party is wholly responsible or innocent. Our intent in this Decision is to address the relevant material facts and applicable law in a fair and dispassionate manner.

## A.    Town's Motion to Dismiss.

The motion most appropriate to first address is the Town's motion to dismiss both of the pending appeals because of a lack of subject matter jurisdiction. Such a motion may be raised at any time under the applicable rules. V.R.C.P. 12(b)(1).

In Docket No. 185-10-04 Vtec, Appellants filed their notice of appeal of the ZBA's September 8, 2004 decision with the Town on October 6, 2004; the notice of appeal was received at the Environmental Court on October 13, 2004. Because Appellants filed their appeal before the February 21, 2005[1] effective date of this Court's own procedural rules, the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), the applicable procedural rules are contained in the Vermont Rules for Civil Procedure (V.R.C.P.). Pursuant to V.R.C.P. 76(e) and the time provided in V.R.A.P. 4, Appellants had thirty (30) days from the ZBA's decision to file their notice of appeal "with the clerk of the board or commission from which appeal is taken." V.R.C.P. 76(e)(2) (2004). Appellants filed their notice of appeal with the town clerk on October 6, 2004, which is within the thirty day period allowed. Therefore, the Town's motion to dismiss Docket No. 185-10-04 Vtec for lack of jurisdiction over the subject matter must be **DENIED**.

The Town also moves to dismiss Docket No. 174-8-05 Vtec for lack of jurisdiction over the subject matter. Appellants filed their notice of appeal of the ZBA's July 20, 2005 decision with this Court on August 22, 2005. By the time of Appellants' second appeal, our own procedural rules were promulgated and therefore apply. V.R.E.C.P. 5(b)(1) requires the notice of appeal to be filed within thirty (30) days of the ZBA decision appealed from. Appellants' notice of appeal was filed on August 22, two days after the thirty day period allowed.

Appellants argue that the provisions of V.R.E.C.P. 5(a)(2), particularly when read in conjunction with the extra three days allowed by V.R.C.P. 6(e) for service on another

---

[1] The Vermont Supreme Court promulgated Emergency Rules to guide this Court's operation between the effective date of the V.R.E.C.P. on February 21, 2005, and the abrogation of V.R.C.P. 76 on January 31, 2005.

party by mail, allow thirty-three days to file a notice of appeal. Appellants offer no legal precedent for their interpretation of how appeal deadlines are calculated under our Rules.

Rule 6(e) does not apply here for two reasons. First, the time extension permitted by V.R.C.P. 6(e) expressly applies only to filings served on another party by mail. Nothing in Rule 6(e) speaks to filings mailed to a court. Second, V.R.E.C.P. 5(b)(1) expressly speaks to and modifies the procedure under our Rules for filing a notice of appeal with this Court. V.R.E.C.P. 5(a)(2) explicitly states that the provisions of the Vermont Rules of Civil and Appellate Procedure govern all proceedings in this Court, "[e]xcept as modified" by our Rule 5. Thus if Appellants' notice of appeal is to be judged as timely filed, its filing must comply with the specific provisions of our Rules. V.R.E.C.P. 5(a)(2).

Even if mailed prior to August 20, 2005, Appellants' notice of appeal was filed late because a notice of appeal is filed on the date that it is received and not the date it was mailed. See City Bank & Trust v. Lyndonville Sav. Bank & Trust Co., 157 Vt. 666, 666 (1991); see also In re Appeal of Frederick LeBlanc, Docket No. 2005-179 (Vt. Sup. Ct., Dec. 1, 2005) (unreported mem.). We therefore must conclude that Appellants' appeal in Docket No. 174-8-05 Vtec was untimely filed. This Court therefore does not have jurisdiction to hear Appellants second appeal; it is therefore **DISMISSED**, and the Town's motion to dismiss for lack of subject matter jurisdiction is hereby **GRANTED**.

**B.      Appellants' Motion for Protective Order.**

Appellants have also recently filed a motion for a protective order to prevent the Town from harassing and embarrassing Appellants. The relief Appellants seek cannot be found using a protective order. Protective orders under our Rules are a tool used during discovery, which "permits the court in its discretion to order that access to relevant information not be had, or that the discovery may be had only on specified

terms and conditions, or that its dissemination be limited." Schmitt v. Lalancette, 2003 VT 24, ¶ 10; V.R.C.P. 26(c). "[P]rotective orders allow courts to limit the broad discovery rights established under Rule 26(a) and (b) if such rights are being abused to limit access to particular evidence, testimony, or witnesses." Schmitt, at ¶ 10. Appellants are not seeking a protective order for discovery, as no disputes relating to discovery are referenced by Appellants in their motion. Because it is a discovery tool, a protective order has no relationship to the type of relief Appellants request. Therefore, their motion for a protective order is **DENIED**.[2]

## C.    Town's Motion for Stay of Construction.

We next address the Town's motion for a stay of all construction work being conducted at Appellants' property until Appellants obtain approval for all such work. The Town asserts that its motion is in the interest of public health and safety.

By an Entry Order on May 2, 2005, this Court stayed the expiration of Appellants' Permit #99-1180, pending Appellants' submission of zoning permit and site plan applications, including engineered site and retaining wall plans, to the ZBA and Planning Commission for the changes to the retaining wall and for any other changes, including to the concrete slabs, in Appellants' project from what was approved in Permit #99-1180.

While it is somewhat unfair to the Town that Appellants continue working on their site while their permit's expiration is stayed, that reality is not dispositive of this

---

[2] If Appellants seek to prevent the Town's snow plow or other Town vehicles or employees from trespassing on their property, or if they wish to remedy a problem with a Stop Work Order issued by the Vermont Department of Labor and Industry, Appellants must bring an action in Superior Court. This Court's jurisdiction is limited to matters as articulated in 4 V.S.A. § 1001 (2005) ("Two environmental judges . . . shall hear matters arising under 10 V.S.A. Chapters 201 and 220 and matters arising under 24 V.S.A. Chapters 201 and 220 and matters arising under 24 V.SA. Chapter 117 and Chapter 61, subchapter 12. In addition, the judges shall have original jurisdiction to revoke permits under 10 V.S.A. Chapter 151.").

motion.  However, Appellants should not be conducting any site work not approved by Permit #99-1180.

To the extent Appellants are performing site work not approved by Permit #99-1180, their construction activities are hereby **STAYED** and the Town's motion for stay is **GRANTED** in that respect.  To the extent that Appellants are conducting only work authorized by Permit #99-1180, issued on October 16, 1999, Appellants may continue because the issuance of this Decision and Order lifts the prior stay on the expiration of Permit #99-1180, imposed on May 2, 2005, and allows Appellants to continue with their project as approved in Permit #99-1180.  To the extent the Town seeks to stay construction activity authorized by the previously-issued Permit #99-1180, their motion is **DENIED**.

### Factual Background

As previously mentioned, Appellants and the Town have a protracted history of litigation over the subject parcel.  While the Court has included all relevant facts in this opinion, we decline to provide a synopsis of the entire history of the parties' litigation. The following facts are undisputed unless otherwise noted:[3]

1.      Appellants propose to develop their property at 194 Maple Street (Vermont Route 14) in the Town of Hartford with the construction of a diner, private club, gas station, and convenience store.  The property is located between Maple Street at a higher elevation and Ferry Boat Crossing (formerly Alber Drive) at a substantially lower elevation.

2.      Because of the difference in elevation, Appellants proposed to create a thirty-five-foot high retaining wall by stacking recycled concrete slabs on the southerly side of their property adjacent to Ferry Boat Crossing and to place fill behind the concrete slabs to increase the area of land at the higher elevation and to stabilize the

---

[3] Where facts are disputed, it is noted.  When such facts are material to our determination of any motion filed by either party, such facts are viewed in a light most favorable to the non-moving party.  Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990).

slope and bank. Appellants obtained a zoning permit, Permit #99-1180, and site plan approval for the project on October 15, 1999.

3. As noted in earlier litigation, Appellants have proposed two alternative plans for development that they refer to as "Phase II" and "Phase III." This nomenclature is somewhat confusing, as the plans referred to as Phase II and Phase III are not successive stages of the same development, but rather two alternative proposals to develop the same parcel of land.

4. The permit for Phase III, #99-1215, does not appear to be at issue in the present appeal. Its effective date appears to have been September 2, 1999, so that absent any extensions it would have expired on September 2, 2001. In Docket No. 37-2-00 Vtec, Appellants appealed from the Planning Commission's site plan approval for Phase III; in Docket No. 102-5-00 Vtec, Appellants appealed from the ZBA's decision to uphold the Zoning Administrator's denial of a building permit for Phase III. These two appeals were dismissed as moot in the fall of 2001.

5. The effective date for Permit #99-1180, for Phase II, was October 16, 1999. Absent any extensions, it would have expired on October 16, 2001. Among other requirements, Permit #99-1180 required Appellants' engineer to certify that the retaining wall, made up of recycled concrete slabs, was constructed in accordance with the approved plans.

6. On June 11, 2001,[4] the ZBA granted Appellants a six-month extension of the completion date for one of the zoning permits. If this extension were applicable to Phase II (Permit #99-1180), its completion date would have expired on April 16, 2002,

---

[4] The parties seem to dispute whether this decision granted an extension to the zoning permit for Phase II (Permit #99-1180), or to the zoning permit for Phase III (Permit #99-1215), and therefore the parties may dispute whether any extension was granted for the Phase II permit. The 2003 ZBA decision on appeal in Docket No. 121-7-03 Vtec does refer to an extension having been granted for the completion date of the Phase II project. These disputed facts need not be resolved because Appellants obtained a six-month extension of Permit #99-1180 from the Chair of the Planning Commission on November 11, 2004, to clear up any confusion about whether a six-month extension was obtained in 2001.

absent any stay, due to the pendency of litigation. Regardless of whether this extension was granted, Appellants received a superseding six-month extension of Permit #99-1180 from the Chair of the Planning Commission on November 11, 2004. This 2004 extension stated that Permit #99-1180 expired on May 25, 2005, absent any issue regarding it being stayed due to the pendency of litigation.

7. In early 2000, Appellants began the construction of the retaining wall or at least the stockpiling of the recycled concrete slabs on the lower portion of the property, as the slab segments became available from ongoing highway bridge improvement projects. The Zoning Administrative Officer issued a Notice of Violation on February 4, 2000, alleging that the slabs were not being placed in the location authorized by the zoning permit and that the placement of the slabs was not in conformance with the approved Phase II plans.

8. Appellants appealed the Notice of Violation, Docket No. 91-5-00 Vtec, and the Town brought an enforcement action, Docket No. 72-3-00 Vtec. These two Environmental Court cases were consolidated for trial with a related Windsor Superior Court case, Docket No. 219-5-00 Wrcv, in which the Town alleged that Appellants created a public nuisance by clearing the slope and stacking the recycled slabs on the property.[5]

9. On May 1, 2000, the Environmental Court issued a written order in Docket Nos. 72-3-00 Vtec and 91-5-00 Vtec, denying the Town's request for a preliminary injunction, without prejudice, and stating the Court's expectations that the merits of the litigation would establish the safety and stability of the stacked slabs and the scope and conditions of the site plan approval of the project. Together with the transfer and consolidation order, Judge Cheever in Windsor Superior Court issued an order in Docket No. 219-5-00 Wrcv, orally on the record on June 14, 2000, and in writing on June

_____

[5] The Town also had filed a separate Windsor Superior Court case to determine the scope of the easement Appellants had over Town property, Docket No. 150-4-00 Wrcv.

16, 2000, requiring Appellants to stabilize the pile of slabs and otherwise to stop construction until that litigation was completed or until further order of the Court.

10.     Those consolidated cases were concluded by a decision in this Court, issued on September 21, 2001, concluding that the retaining wall on the Town property did not meet the design specifications as approved in the permit for Phase II because some concrete slabs did not meet the minimum required thickness, because some slabs were hammered rather than sawn, and because steel reinforcing bars extended from the edge of some slabs.  The decision allowed Appellants to apply to the ZBA for approval of their proposal for Phase II, as an amendment to the previously-approved plans for that "Phase".  Appellants appealed that decision to the Vermont Supreme Court, which affirmed it on May 29, 2002.  Town of Hartford v. Marc and Susan Wood, Docket No. 2001-473 (Vt. Supreme Ct., May 29, 2002) (unreported mem.).

11.     Appellants' April 15, 2003 application sought to amend the Phase II permit (Permit #99-1180).[6]  In addition to the changes in the design of the retaining wall, this application proposed changes to the locations of parking, curb cuts, gas pumps, and changes to the existing diner building.  It also proposed that a building that had been proposed to be removed under the original Phase II permit would be retained and changed in use to a retail store.

12.     On May 1, 2003, the ZAO declined to accept Defendants' application to amend, returning the application as incomplete, and stating that the permit for Phase II had expired.  She also stated that the current application "would not be considered an amendment" due to the extent of the proposed changes from the original application.

13.     On May 19, 2004, in Docket No. 121-7-03 Vtec, this Court found that Appellants' Permit #99-1180 had not expired as of their April 15, 2003 application to amend and that the April 15, 2003 application is governed by the zoning regulations in

---

[6]  The application refers to it as an amendment to Phase II, citing Permit #99-1210, but as noted in this Court's decision and order in Docket No. 121-7-03, slip op. at 1 n.1, the application is to amend Permit #99-1180.

effect at that time. The Court also found that as of the April 15, 2003 application to amend Permit #99-1180, Appellants had used up a total of 542 days (approximately eighteen months) of that permit. Because Permit #99-1180 received a six-month extension on November 11, 2004, to clear up any confusion as to whether such extension was granted earlier, Appellants had 371 days remaining on Permit #99-1180 as of the Court's May 19, 2004 decision. The Court also found that it made no difference whether Appellants' April 15, 2003 application was characterized as a new application or an application to amend a previously-issued permit.

14. Pursuant to the Court's May 19, 2004 decision, Appellants submitted an application to the ZAO to permit their partially constructed Hartford Diner project on June 28, 2004. The application was similar to Appellants' April 15, 2003 application, in that it proposed similar changes to the retaining wall, the locations of parking, a curb cut and gas pumps, and changes to the existing diner building. It also proposed to keep a building that was to be destroyed under Permit #99-1180 as a retail store. Appellants' new application differed from their 2003 application in that it included a canopy over the fuel pumps and redesigned parking spaces. This application also included letters and a revised retaining wall plan designed by professional engineer John B. Stevens.

15. In their June 28th application, Appellants requested the ZBA's approval of their redesigned retaining wall plan and to reset the time to complete their project. Appellants also requested site plan approval from the Planning Commission and conditional use approval from the ZBA for their Hartford Diner project, which includes the diner, a private club, a retail store, and a service station with four gasoline pumps (eight fueling positions).

16. On July 2, 2004, the ZAO returned Appellants' June 28th application as incomplete because Appellants' application for a redesigned retaining wall needed both zoning approval from the ZBA and site plan approval from the Planning Commission. The ZAO also returned Appellants' application for conditional use and site plan

approval as incomplete because it did not comply with the Planning Commission's "Site Plan Requirements" policy, adopted in June 2003, as amended. Under the "Site Plan Requirements," all plans, including site plans, not meeting specific exceptions must be prepared by a Vermont-licensed surveyor, engineer, or architect. The Zoning Administrative Officer found that Appellants' site plan was not so prepared.

17.     On July 12, 2004, Appellants asked the ZAO to approve their retaining wall plans that were prepared by licensed professional engineer John B. Stevens.

18.     On July 15, 2004, the ZAO responded to Appellants' July 12 request by refusing to review and approve the submitted plans for the Phase II retaining wall. Pursuant to a condition in Appellants' original Phase II approval, Permit #99-1180, the ZBA or the Planning Commission must give their written approval for any changes to or an expansion of Appellants' project. The ZAO further noted that for a complete application to be submitted to the Planning Commission or ZBA for review, Appellants would have to include "an application form, engineered retaining wall plans, a site plan, a narrative description of the difference between your approved phase #2 plans and this submittal and the appropriate application fee." Attach. to Town's Mot. for Partial Summ. J., Ex. L, at 1. The ZAO also noted that if Appellants proposed changing any buildings' footprints from their approved Phase II site plan, they would need new site plans prepared by a Vermont-licensed surveyor, engineer, or architect. Id. at 1-2.

19.     On July 16, 2004, Appellants appealed the ZAO's July 2 refusal to accept both applications and the ZAO's July 15 refusal to forward Appellants' retaining wall plans to the ZBA for approval. Appellants requested that the ZBA find their applications complete and ready for review by the ZBA or Planning Commission. Appellants also requested that the ZBA direct the ZAO to review Appellants' engineered Phase II plans for the retaining wall. Lastly, Appellants requested that the ZBA "have the time tolled" on their Phase I and II permits, and to "toll the time

between the Judge's last order and the time this request is ruled on for both Phases I and II."  Attach. to Town's Mot. for Partial Summ. J., Ex. M, at 2.

20.    On September 8, 2004, the ZBA issued its decision on Appellants' most recent applications and appeals by upholding the ZAO's decisions that Appellants' applications for approval were not complete because they were not submitted to both the ZBA and the Planning Commission in the case of the revised retaining wall plan and because Appellants' revised site plan, which amended certain building footprints, needed to be prepared by an engineer in accordance with the Town's June 2003 "Site Plan Requirements."

21.    As noted above, Appellants appealed from the ZBA's September 8, 2004 decisions to this Court in Docket No. 185-10-04 Vtec by properly filing a notice of appeal with the Town on October 6, 2004.  The Court took a site visit with the parties on October 3, 2005.

## Discussion

The primary issues Appellants raise in their remaining appeal relate to the Town's rejection of their two June 28, 2004 submissions.  Both parties have filed cross-motions for summary judgment.  The Town's motion relates to whether the Town can require Appellants to submit an engineered site plan in conjunction with their applications to amend their Phase II zoning permit and site plan approval, previously issued under Permit #99-1180.  Appellants move for summary judgment on the issue of whether Appellants' applications to amend Permit #99-1180 should be considered under the regulations in effect when the application was originally submitted on April 15, 2003.

For purposes of our analysis of each party's motion, any facts in dispute are viewed in a light most favorable to the non-moving party.  Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990).

In its May 19, 2004 decision, this Court held that for purposes of determining which version of the zoning bylaws applies, it made no difference whether Appellants' April 15, 2003 application was characterized as an application for a permit amendment or for a new permit. The Court went on to rule that Appellants were then entitled to file their amendment application for their Phase II permit (#99-1180), as that permit had not yet expired as of its submission date of April 15, 2003. Appeal of Marc and Susan Wood, Docket No. 121-7-03 Vtec, slip op. at 7 (Vt. Envtl. Ct., May 19, 2004). This Court further held that the regulations applicable to Appellants' application, whether characterized as one for an amendment or for a new permit, were the regulations in effect or proposed at the time that the application was filed, or April 15, 2003. Id. Lastly, as noted above, the Court also found that if Appellants wished to proceed with Phase II as originally permitted, including a six-month permit extension, Appellants had a total of 371 days remaining on Permit #99-1180 as of the date of the Court's decision on May 19, 2004.

Because Appellants' June 28, 2004 applications were the only applications submitted to the Town since this Court's May 19, 2004 decision, we could find that their applications were submitted pursuant to this Court's order of the same date. However, it appears that Appellants' site plan dated April 14, 2002, submitted with their April 15, 2003 application, is different from the site plan dated "revised 6/21/04," which was submitted with their June 28, 2004 application. The changes to the latter site plan include, among other modifications, a canopy over the fuel pumps, a 500 square-foot addition to the proposed restaurant, redesigned parking spaces, and an updated retaining wall plan. Compare Attach. to Town's Mot. for Partial Summ. J., Ex. B, with Attach. to Town's Mot. for Partial Summ. J., Ex. H.

Because Appellants move for summary judgment on the issue of which regulations apply to their application, we must construe the facts in a light most favorable to the Town, the nonmoving party. See Toys, Inc., 155 Vt. at 48. Therefore,

because Appellants' June 28, 2004 applications for approval of their site and retaining wall plans are different than those submitted in April of 2003, the Town may consider Appellants' applications under the regulations and policies in effect when the revisions were filed. Even assuming arguendo that Appellants' 2003 and 2004 submissions were identical and that the Town was bound to consider Appellants' June 28, 2004 applications under the regulations in effect or proposed as of April 15, 2003, our holding that, pursuant to Zoning Regulations § 4-1.2, the Town may require Appellants' site plans to be prepared by a Vermont-licensed surveyor, engineer, or architect, would not change. This discretion rested with the Town under the previous zoning regulations.

The Town's Zoning Regulations in effect on April 15, 2003 and on June 28, 2004, explicitly state, "The Planning Commission may require such [site development] plan to be prepared by a professional architect, landscape architect, engineer, or surveyor." Zoning Regulations § 4-1.2 (amended June 27, 1995). Zoning Regulations § 4-1.2.3 also states that the Planning Commission may require "[a] survey of the property or a portion of the property prepared by a licensed engineer and/or land surveyor . . . ." Zoning Regulations § 4-1.2.3. Moreover, nothing could have confirmed the need for engineered site and retaining wall plans more than this Court's site visit, which demonstrated the enormity of Appellants' project and the threat to public safety that Appellants' project presents if it were to proceed without consultation and approval of a licensed engineer experienced with constructing retaining walls with recycled concrete slabs. Thus, regardless of which version of the Town's Zoning Regulations applies, the Town had the discretionary authority to require Appellants' site plans to be prepared by a Vermont-licensed architect, engineer, or surveyor.

In light of our ruling that the Town's zoning regulations in effect when Appellants filed their applications on June 28, 2004, apply, we next reach the issue, advanced by Appellants, of whether the Town's June 2003 "Site Plan Requirements"

comport with the requirements of Zoning Regulations § 4-1.2, or whether the policy is unlawful because its requirements are not in conformance with the Zoning Regulations' site plan review provisions. Appellants also appear to argue in their motion that the Town is requiring too much information of applicants for site plan review.

Both arguments fail, as the former provision of the Vermont Planning and Development Act relating to site plan approval specifically allows municipalities to "impose appropriate conditions and safeguards," which includes maps, data, and other information. 24 V.S.A. § 4407(5) (2004) (now codified at 24 V.S.A. § 4416). The Town is entitled to impose whatever site plan application requirements it deems necessary, as long as those requirements are consistent with the Zoning Regulations and the provisions of § 4407(5). From the Court's review of the Town's "Site Plan Requirements," it appears that they simply re-state and present the requirements of Zoning Regulations § 4-1.2, relating to site plan applications, in a clear, easy-to-use, checklist. Furthermore, the site plan application policy or checklist also does not appear to include any additional elements not authorized by the Town's Zoning Regulations or 24 V.S.A. § 4407(5), as the Zoning Regulations include provisions allowing the Planning Commission to require that plans be prepared by a licensed engineer or surveyor, see Zoning Regulations §4-1.2.3. Thus, Appellants' challenge to the Town's application submission policy must fail.

Appellants also request that this Court "toll the time" remaining on their original zoning permit, Permit #99-1180. Because Appellants' June 28, 2004 applications to amend Permit #99-1180 are on appeal, and because Permit #99-1180 had not expired as of June 28, 2004, the zoning permit has been stayed during the pendency of this litigation. See Preseault v. Wheel, 132 Vt. 247, 253-55 (1974). Forty days passed between this Court's May 19, 2004 Decision, and Appellants' June 28, 2004 applications, when Appellants could have continued construction authorized by Permit #99-1180. As

a result, the time remaining on Permit #99-1180 as of the date of this decision is 331 days (approximately eleven months).

Appellant also requests that we consider the time lost under Permit #99-1180 because the Vermont Department of Labor and Industry issued a stop work order for Appellants' Hartford Diner project. While it appears that the stop work order covers much of the time Appellants' project was stayed due to litigation, this Court cannot review, enforce, or lift stays as a result of a Department of Labor and Industry stop work order.

As enumerated in 4 V.S.A. § 1001, our jurisdiction is limited to matters arising under "10 V.S.A. Chapters 201 and 220 and matters arising under 24 V.S.A. Chapters 201 and 220 and matters arising under 24 V.SA. Chapter 117 and Chapter 61, subchapter 12. In addition, the judges shall have original jurisdiction to revoke permits under 10 V.S.A. Chapter 151." 4 V.S.A. § 1001 (2005). Therefore, as those provisions do not pertain to Department of Labor and Industry stop work orders, we do not have jurisdiction to review or consider any action as a result of a stop work order.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

A. The Town's motion to dismiss in Docket No. 174-8-05 Vtec is **GRANTED**, and Appellants' appeal of the Town's July 20, 2005 decision is **DISMISSED**.

B. The Town's motion to dismiss Appellants' appeal in Docket No. 185-10-04 Vtec is **DENIED**.

C. The Town's February 9, 2006 motion for a stay of Appellants' construction activities is **GRANTED** with respect to the construction activities not authorized by Permit #99-1180. To the extent the Town requests a stay of construction activities authorized by Permit #99-1180, this motion is **DENIED**.

D. The stay of Appellants' Permit #99-1180 issued by this Court on May 2, 2005 is **VACATED** as of the date of this Decision and Order, since Permit

#99-1180, issued on October 16, 1999 is valid, at least for the 331 days remaining before that permit expires.

E. Appellants' motion for a protective order is **DENIED**.

F. Appellants' motion for summary judgment is **DENIED**, as their June 28, 2004 applications for site and retaining wall plan approval, as well as for a zoning permit, are to be considered under the Zoning Regulations in effect at the time such applications were filed.

G. The Town's motion for summary judgment is **GRANTED** in that Appellants must submit a complete application before approval may be granted for their site plan, retaining wall plan, and zoning permit. The Town's requirement that the site plans and retaining wall drawings submitted in support of the application be prepared by a Vermont-licensed engineer, surveyor, or architect is consistent with Zoning Regulations § 4-1.2.

H. Appellants may continue working on their Hartford Diner project, solely as authorized by Permit #99-1180, or they may re-submit their June 28, 2004 application with the appropriate supporting materials.

These determinations result in a dismissal of both appeals now pending before the Court. A V.R.C.P. 58 Judgment Order accompanies this Decision.

Done at Berlin, Vermont, this 13th day of April, 2006.

_____

Thomas S. Durkin, Environmental Judge